# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | |
| Plaintiff, | Case No. 1:07-cv-02757 |
| v. | Judge Sara Lioi |
| **BRIAN E. HAYLOR,** | Magistrate James S. Gallas |
| Defendant. | |

## FINAL JUDGMENT

The Securities and Exchange Commission having filed a Complaint and Defendant Brian E. Haylor having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1 and 13a-13 thereunder [17 C.F.R. §§240.12b-20, 240.13a-1 and 240.13a-13], by knowingly providing substantial assistance to an issuer of a security registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] that fails to file with the Commission, in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate for the proper protection of investors and to insure fair dealing in the security, such annual reports and such quarterly reports as the Commission may prescribe, and such further material information, if any, as may be necessary to make the required statements, in the light of the circumstances under which they are made, not misleading.

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, his officers, agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. §78m(b)(2)(A)] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. §78o(d)], that failed to make and keep books, records, or accounts, which, in reasonable detail, accurately and fairly reflect the transactions and dispositions of the issuer's assets.

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, his officers, agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from aiding and abetting any violation of Section 13(b)(2)(B) of the Exchange Act [15 U.S.C. §78m(b)(2)(B)] by knowingly providing substantial assistance to an issuer which has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. §78l] or any issuer which is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)] that failed to devise and maintain a system of internal accounting controls sufficient to provide reasonable assurances that: (A) transactions are executed in accordance with

management's general or specific authorization; (B) transactions are recorded as necessary to permit preparation of financial statements in conformity with generally accepted accounting principles or any other criteria applicable to such statements and to maintain accountability for assets; (C) access to assets is permitted only in accordance with management's general or specific authorization; and (D) the recorded accountability for assets is compared with the existing assets at reasonable intervals and appropriate action is taken with respect to any differences.

V.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, his officers, agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly, circumventing or failing to implement a system of internal accounting controls or falsifying any book, record, or account subject to Section 13(b)(2) of the Exchange Act [15 U.S.C. §78m(b)(2)] in violation of Section 13(b)(5) of the Exchange Act [15 U.S.C. §78m(b)(5)].

VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant, his officers, agents, servants, employees, attorneys, assigns and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise, and each of them, be and are hereby permanently restrained and enjoined from, directly or indirectly, falsifying or causing to be falsified, any book, record or account subject to

Section 13(b)(2) of the Exchange Act [15 U.S.C. §78m(b)(2)] in violation of Rule 13b2-1 promulgated thereunder [17 C.F.R. §240.13b2-1].

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated:  September 24, 2007

                                                         s/ Sara Lioi
                                        UNITED STATES DISTRICT JUDGE